UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:08CV-33-R

CARL JONES                                                                                             PLAINTIFF

v.

WALLACE WHITTAKER, et al.                                                                DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court upon the Defendants' Motion to Dismiss (Docket #4). The Plaintiff responded (Docket #5) and the Defendants replied (Docket #6). This matter is ripe for adjudication. For the following reasons, the Defendants' Motion is **GRANTED**.

**BACKGROUND**

As there has been no discovery conducted in this case, the Court takes the following facts from the Defendants' Motion to Dismiss and the attached exhibits. The Plaintiff, in his response, states that he does not take issue with the majority of the facts contained in the Defendants' Motion. To the extent the Plaintiff does disagree with the Defendants' presentation of the facts, the Court will address the disagreement below.

On February 12, 2004, Defendant Tracey White, a Logan County, Kentucky, sheriff's deputy, stopped the Plaintiff for "weaving" and having a non-illuminated license plate. During the traffic stop, a quantity of marijuana was found in the Plaintiff's vehicle by Defendant Kevin Bibb, also a Logan County sheriff's deputy. The Plaintiff was arrested on charges including driving under the influence, failure to have liability insurance, non-illuminated license plate, resisting arrest, and trafficking in marijuana.

On March 1, 2004, a grand jury in Logan County indicted the Plaintiff on those charges,

among others. The Plaintiff was arraigned the same day.

The Plaintiff filed a motion to suppress the evidence obtained during the traffic stop, which was initially denied. During the Plaintiff's trial, testimony was heard that gave rise to a renewed motion to suppress all evidence in the case. On January 31, 2005, the trial court granted the renewed motion, dismissed all charges against the Plaintiff, and declared a mistrial. The Commonwealth appealed the order of dismissal. The appeal was eventually dismissed by an Order entered by the Kentucky Court of Appeals on May 4, 2006, which became final on June 30, 2006.

On July 18, 2006, the Commonwealth filed a civil forfeiture action against the Plaintiff in Logan Circuit Court. According to that court, the Commonwealth initiated the forfeiture action to obtain ownership over several assets owned by the Plaintiff and his sister. The court dismissed the civil forfeiture action on March 5, 2007, determining it did not have jurisdiction to hear the civil proceeding under KRS 218A.460, because the Plaintiff was not convicted in the underlying criminal case.

The Defendant incorrectly argues that this was a criminal forfeiture action. It was not. Criminal forfeiture is part of the sentence in a criminal case. A civil forfeiture proceeding is not part of a criminal case, and is instead a separate civil action against specific property in which the government may appropriate property used to commit a crime.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*,

188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

In his Complaint, the Plaintiff asserts six claims against the Defendants: (1) false arrest; (2) malicious prosecution; (3) violation of his civil rights under 42 U.S.C. §1983; (4) false imprisonment; (5) defamation; and (6) as against Defendant Wallace Whittaker, both individually and in his capacity as Logan County Sheriff, and Defendant Logan County, Kentucky, the negligent failure to train and/or supervise the Defendants Kevin Bibb, Tracey White, and Anthony Williams.

The Defendants argue that each of the Plaintiff's claims must be dismissed because a one-year statute of limitations applies to each claim. For the following reasons, the Court agrees.

KRS § 413.140 provides that actions for malicious prosecution, false arrest, false imprisonment, and libel and slander shall be brought within one year after the cause of action accrues. KRS § 413.140(c), (d) (2008); *see Dunn v. Felty*, 226 S.W.3d 68, 70-74 (Ky. 2007).

The statute of limitations begins to run against an action for false imprisonment or false arrest when the alleged false imprisonment ends, which is when the plaintiff becomes "held pursuant to legal process." *Dunn*, 226 S.W.3d at 72. Here, the Plaintiff became held pursuant to legal process on March 1, 2004, the date of his arraignment. As he filed this lawsuit on March 4, 2008, well over a year after the cause of action accrued, the Plaintiff's claims of false arrest and imprisonment are time-barred by the one year statute of limitations in KRS § 413.140.

The statute of limitations for the tort of malicious prosecution begins when the plaintiff is held pursuant to legal process, and accrues upon a favorable termination of the criminal proceedings against him. *Id.* at 73. The criminal case against the Plaintiff was terminated on June 30, 2006, when the Kentucky Court of Appeals' order dismissing the Commonwealth's appeal of the trial court's order of dismissal became final. As the Plaintiff filed this lawsuit on March 4, 2008, well over a year after the cause of action accrued, the Plaintiff's claim for malicious prosecution is time-barred by the one year statute of limitations in KRS § 413.140.

As for defamation actions, all claims of libel must be brought within one year after the publication of defamatory material, *Caslin v. General Electric Co.*, 608 S.W.2d 69, 70 (Ky. Ct. App. 1980), and claims of slander begin to accrue when the alleged tort occurs. The Plaintiff does not state in his complaint with specificity the actions he claims were defamatory. However, the Plaintiff was arrested on February 12, 2004, he was indicted and arraigned on March 1, 2004, his trial began in January of 2005, his trial ended in mistrial on February 1, 2005, and the criminal case against him was terminated on June 30, 2006. All of these took place well over a year before the Plaintiff filed his complaint in this action, and the Plaintiff's defamation claim is time-barred by the one year statute of limitations in KRS § 413.140.

Congress has never legislated a statute of limitations period for § 1983 actions, and the courts, pursuant to the mandate of 42 U.S.C. § 1988, must therefore look to analogous state statutes for the appropriate limitations period. *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 180 (6th Cir. 1990). In *Owens v. Okure*, 488 U.S. 235 (1989), the United States Supreme Court held that "courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* (quoting *Owens*, 488 U.S. at 250 (clarifying *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985), where the Court held that the appropriate statute of limitations to be applied in all § 1983 actions is the state statute of limitations governing actions for personal injury.)). KRS § 413.140(1)(a) provides that personal injury actions are governed by a one-year statute of limitation, and thus § 1983 actions in Kentucky are limited by that one-year statute of limitations. *Id.* at 182.

Even though state law provides the statute of limitations in § 1983 actions, it is federal law, and not state law, that "governs the question of when that limitations period begins to run." *Id.* at 183 (quoting *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). In *Sevier*, the United States Court of Appeals for the Sixth Circuit held that "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *McCune*, 842 F.2d at 905 (citing *Sevier*, 742 F.2d at 273).

The Plaintiff's § 1983 claim arises from his alleged false arrest and false imprisonment, both of which would have ended when the Plaintiff became held pursuant to legal process on March 1, 2004, the date of his arraignment. As the Plaintiff filed this lawsuit on March 4, 2008,

well over a year after the cause of action accrued, the Plaintiff's § 1983 claim is time-barred by the one year statute of limitations for personal injury actions in KRS § 413.140.

Finally, the Plaintiff claims that Defendants Sheriff Wallace Whittaker and Logan County violated the rights guaranteed to him by the Kentucky Constitution, the Fourth, Sixth, and Fourteenth Amendments, and 42 U.S.C. § 1983 by failing to properly train and/or supervise deputy sheriffs, Kevin Bibb, Tracey White, and Anthony Williams. As noted above, the statute of limitations for civil rights actions arising in Kentucky is one year. *Collard*, 896 F.2d at 182; *Anderson v. Salyers*, 2008 U.S. Dist. LEXIS 8125, at *5 (E.D. Ky. Feb. 4, 2008); *Faller v. Rogers*, 2006 U.S. Dist. LEXIS 5096, at *13-14 (W.D. Ky. Feb. 8, 2006). As the one-year statute of limitations begins to run when a plaintiff knows or should have known of the injury which forms the basis of his or her claim, *McCune*, 842 F.2d at 905, the Plaintiff's claims here would have begun to accrue, at the very latest, when the Kentucky Court of Appeals' order dismissing the Commonwealth's appeal of the trial court's dismissal of all charges against him became final on June 30, 2006. As the Plaintiff filed this lawsuit on March 4, 2008, well over a year after the latest possible accrual date of the cause of action, the Plaintiff's claim is time-barred by the one year statute of limitations.

Therefore, each of the Plaintiff's claims must be dismissed because a one-year statute of limitations applies to each claim and well over a year has passed since each cause of action began to accrue.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is **GRANTED.**

An appropriate order shall issue.